### SHANKLIN MFG. CO. v. GOLDBLATT BROS., Inc. (GENERAL TIME INSTRUMENTS CORPORATION, Intervener).

#### Civil Action No. 576.

District Court, N. D. Illinois, E. D.
Nov. 7, 1941.

Maurice S. Cayne, of Chicago, Ill., for plaintiff.

C. Paul Parker and Richard R. Wolfe (of Parker, Carlson, Pitzner & Hubbard), of Chicago, Ill., for defendant and intervener.

CAMPBELL, District Judge.

After consideration of the evidence submitted at the trial hereof and a review of the transcript of such evidence, and a study of the briefs and arguments of counsel, including a review of the authorities therein cited, the Court is of the opinion that:

Claims 6 and 7 of Horsley patent No. 2,107,997 relied upon in this suit are invalid as being anticipated by disclosures of German patent No. 1,128,424 registered June 25, 1930. (Def.Ex.B).

Knowledge in this country, prior to the date of the alleged Horsley invention, of the existence and use of a device constituting an embodiment of said German patent (the Silver Match Case), has been established, as has also its advertisement and commercial exploitation in Germany (Def. Ex.C).

The complaint herein will, therefore, be dismissed at plaintiff's costs and a decree in accordance with the prayer of the counterclaim in the answer of the intervening defendant herein will enter.

### Findings of Fact

1. This suit is brought under the patent laws of the United States for infringement of patent No. 2,107,997, issued to plaintiff, as assignee of James H. Horsley and upon an application filed December 19, 1934.

2. Plaintiff relies upon Claims 6 and 7 of said patent.

3. Plaintiff has charged Travalarm clocks, Model 450 (exemplified by Plaintiff's Exhibit 4), manufactured and sold by intervener, and sold by defendant and others, to be an infringement of said Horsley patent No. 2,107,997.

4. The prior art discloses sliding top boxes which are the full mechanical equivalent of that disclosed in said Horsley patent No. 2,107,997.

5. In particular, German Gebrauchsmuster patent No. 1,128,424, registered June 25, 1930, discloses sliding top boxes which are the full mechanical equivalent of that disclosed in said Horsley patent No. 2,107,-997 and fully anticipates the latter.

6. Prior to April 1, 1931, Henry Dreyfuss of New York, N. Y., brought from Germany to New York, N. Y., a certain silver match case, in evidence here as defendant's deposition exhibit 3; said match case was known in this country to said Henry Dreyfuss and to others, including Doris Marks, Hubert S. Barnhart and Rita Hart

Rosenthal, all at a date more than two years prior to the filing of the application for patent upon which said Horsley patent No. 2,107,997 was issued.

7. Said silver match case was made substantially in accordance with the teachings of said German Gebrauchsmuster patent No. 1,128,424, and has engraved on it the letters "D.R.G.H.M.", which is the common marking for a German Gebrauchsmuster patent.

8. Said German Gebrauchsmuster patent No. 1,128,424 was not a mere "paper patent", but sliding top match cases made in accordance therewith were advertised and commercially exploited in Germany for a period including the year 1930.

9. Said Henry Dreyfuss brought said silver match case to this country from Germany for the purpose of suggesting to intervener that a sliding top box of the same general type of construction be used as a casing for a timepiece, and pursuant to that purpose said Henry Dreyfuss delivered said match case to intervener within a few months after the importation of said silver match case into New York by said Henry Dreyfuss in the latter part of February or early March, 1931.

10. Max E. Schlenker, an employee of intervener, designed said Travalarm clock (exemplified by Plaintiff's Exhibit 4), including the sliding top casing therefor, and began work on such design in June, 1934. Several months prior to beginning such design work in June, 1934, said Max E. Schlenker was shown said silver match case, examined the same and comprehended its construction.

11. Said silver match case is a sliding top box which is the full mechanical equivalent of the sliding top box disclosed in said Horsley patent No. 2,107,997.

## Conclusions of Law

1. Claims 6 and 7 of Horsley patent No. 2,107,997 are invalid and void for lack of invention over the prior art.

2. Said Claims 6 and 7 of said Horsley patent No. 2,107,997 are anticipated by German Gebrauchsmuster patent No. 1,128,424 and are therefore invalid and void in law.

3. Said Claims 6 and 7 of said Horsley patent No. 2,107,997 are fully anticipated by a certain silver match case, here in evidence as defendant's deposition exhibit 3, and which was known in this country more than two years prior to the filing of the application upon which said Horsley patent No. 2,107,997 was issued, wherefore said claims are invalid and void.

4. No valid claim of said Horsley patent No. 2,107,997 has been infringed by intervener or defendant.

5. Intervener is entitled to judgment in accordance with its counterclaim.